■ 207 REALTY ASSOCIATES, LLC, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respon-

dent, and ELGENIA MITCHELL et al., Intervenor-Appellants, et al., Intervenor-Respondent. [845 NYS2d 285]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 14, 2006, which, to the extent appealed from, denied intervenors' motion to vacate a 2001 order of the same court and Justice that had annulled the determination of respondent agency (Division of Housing and Community Renewal) denying petitioner landlord's application for rent increases based on unique and peculiar circumstances and remanded for a comparability study consistent with granting the application for an adjustment of the maximum rent, unanimously affirmed, without costs.

Intervenors' assertion of fraud, misrepresentation or other misconduct (CPLR 5015 [a] [3]) was insufficient to vacate the prior order. There is no reason to disturb the court's determination that a member of petitioner had not deliberately withheld information regarding his involvement, 10 years earlier, with the mortgagee of that building. In any event, this member's prior involvement with the mortgagee would have had no effect on the prior order, since there is no evidence to support intervenors' assertion that this member's connection with the mortgagee constituted a unique or peculiar circumstance materially affecting the setting of the maximum rent (9 NYCRR 2202.7). The mortgagee was under no obligation to undertake the costly actions advocated by intervenors to cure these prior circumstances, and the evidence demonstrates only that the mortgagee acted properly for the entire time it held the mortgage. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.